UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL JOHNSON,

       Plaintiff,                          CIVIL ACTION NO. 08-12042

     v.                                   DISTRICT JUDGE VICTORIA A. ROBERTS

COMMISSIONER OF                 MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This is an action for judicial review of the defendant's decision denying plaintiff's application for social security disability benefits and supplemental security income (SSI). Plaintiff, who was last insured for benefits as of March 31, 2005, alleged that she became disabled August 10, 2003 (amended from 2001) due to rheumatoid arthritis, depression, and right rotator cuff tear. (Tr. 62-62, 290-93, 14) The defendant found that plaintiff has those conditions, as well as insomnia and diabetes, and that she was not able to perform her past relevant work but that she retained the residual functional capacity (RFC) to perform a restricted range of sedentary work which existed in significant numbers, and therefore, she was not disabled. (Tr. 16) (The decision was not subject to reconsideration at the administrative level because of a disability redesign process.) Plaintiff contends that the Agency's finding is not supported by substantial evidence because the hypothetical to the vocational expert was

- 1 -

inaccurate.  Defendant contends otherwise.  For the reasons discussed in this Report, it is recommended that the defendant's motion for summary judgment be granted, that of the plaintiff denied, and the decision denying benefits be affirmed.

At the time of the defendant's decision, plaintiff was 44 years old.  She has a high school education, and past work as a machine operator and laborer.  (Tr. 19, 20, 63, 66)

The issue before the court is whether to affirm the Commissioner's determination.  In Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989), the court held that:

> Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion.  42 U.S.C. §405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971).  Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L. Ed. 2d 126 (1938).  The scope of our review is limited to an examination of the record only.  We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence.  Reynolds v. Secretary of Health and Human Services, 707 F.2d 927 (5th Cir. 1983).

Brainard, 889 F.2d at 681.

To establish a compensable disability under the Social Security Act, a claimant must demonstrate that he is unable to engage in any substantial gainful activity because he has a medically determinable physical or mental impairment that can be expected to result in death or has lasted, or can be expected to last, for at least 12 continuous months.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  If a claimant establishes that he cannot perform his past

relevant work, the burden is on the Commissioner to establish that the claimant is not disabled by showing that the claimant has transferable skills which enable him to perform other work in the national economy.  Preslar v. Secretary of HHS, 14 F.3d 1107 (6th Cir. 1994); Kirk v. Secretary of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

Plaintiff seeks a remand for benefits or further proceedings, arguing only that the ALJ did not properly consider the effect of her "moderate" limitations in concentration, persistence, and pace on her ability to work.  She has waived any other objections of the decision.  See, Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989).  Plaintiff's argument to this court is that the hypothetical question asked by the ALJ to the vocational expert did not properly account for a "moderate" restriction in plaintiff's concentration, persistence and pace, a finding made by a state agency reviewing psychologist Leonard Balunas, Ph.D.  (Tr. 124, 128)

The hypothetical to the vocational expert asked the expert to assume a person of the same age, education, and work experience as the plaintiff.  Also, the VE was to assume that the person could do sedentary work with a five pound weight limit, to stand or walk less than two hours of an eight hour day, and sit or stand the rest of the day at her option.  She was not to crawl, stoop, kneel, or crouch; no forceful gripping, grasping, pinching or squeezing; no constant handling or fingering, no exposure to unprotected heights or unguarded hazardous machinery; no overhead reaching with the right, dominant extremity, limited to simple, routine tasks, and use a cane as needed while working.  (Tr. 318-319)  The VE opined that such a person could do sedentary, unskilled work including security monitor (1800 jobs regionally), information clerk (8000 jobs regionally), and inspector (2000 jobs regionally).  (Tr. 319)

If the person had pain, fatigue, and required medication which would prohibit even simple routine tasks on a regular and sustained basis, then such a person would not be able to work. Id.

With respect to plaintiff's arguments, Dr. Balunas checked a box on the review form indicating that plaintiff has moderate limitations in concentration, persistence, and pace. (Tr. 124) He also indicated that she had only mild restrictions on daily living and social functioning, and never had any episodes of decompensation for an extended period. Id. Her GAF was 50. (Tr. 126) In the Mental Residual Functional Capacity Assessment, Dr. Balunas notes that she is not significantly limited in any area except her ability to understand, remember and carry out detailed instructions, and maintain concentration for extended periods. (Tr. 128) However, Dr. Balunas considered these limitations and opined: "Despite these limitations, she is able to perform unskilled work." (Tr. 130) The ALJ limited plaintiff to simple, unskilled work and all the jobs elicited from the vocational expert were unskilled jobs. (Tr. 319)

Plaintiff relies on Bankston v. Commissioner, 127 F.Supp.2d 820, 826 (E.D. MI 2000) (Zatkoff, J.) for the proposition that anyone who has moderate limitations "often" has the inability to concentrate, and that this limitation precludes work. The district court in Bankston found that a mental deficiency occurring "often" may not be consistent with substantial gainful employment. Bankston used a percentage approach and interpreted the regulations to mean that a person who "often" has deficiencies in concentration would be unable to concentrate for 50 percent of the workday. Since such a person could not concentrate or complete a task 50 percent of the time, they were therefore disabled. This percentage approach was rejected by the Sixth

Circuit in Smith v. Halter, 307 F.3d 377 (6th Cir. 2001), also mentioned in plaintiff's brief. Smith denied benefits and held that plaintiff who "often" had deficiencies of concentration could be accommodated by jobs that are routine and low stress, do not involve intense interpersonal confrontations, high quotas, unprotected heights, or operation of dangerous machinery.

Further, the regulations 20 C.F.R. §404.1520a(b)(3) now have been changed from "Never, Seldom, Often, Frequent, and Constant" to a different assessment measure, utilizing "None, Mild, Moderate, Marked and Extreme." Thus, it is not appropriate to rely on Bankston for cases under the new evaluation format, and indeed, it is inappropriate to do so in light of the Circuit's rejection of the percentage approach in Smith v. Halter.

Importantly, even Dr. Balunas, the reviewer upon which plaintiff relies, determined that plaintiff could do the simple, unskilled work addressed by the ALJ in the hypothetical question. Therefore, there is no error. Substantial evidence supports the finding that plaintiff could perform the limited range of sedentary work identified and the decision denying benefits should be affirmed.

Accordingly, it is recommended that the defendant's motion for summary judgment be granted, that of the plaintiff denied, and decision denying benefits be affirmed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

     Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

     s/Virginia M. Morgan
     Virginia M. Morgan
     United States Magistrate Judge

Dated: March 4, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on March 4, 2009.

     s/Jane Johnson
     Case Manager to
     Magistrate Judge Virginia M. Morgan